Criminal Complaint

# UNITED STATES DISTRICT COURT

_____DISTRICT OF MASSACHUSETTS_____

UNITED STATES OF AMERICA

V.

**CRIMINAL COMPLAINT**

Mag. No. 04m-1069-JCB

1. JUAN ROSARIO;
2. JAVIER TORRES-ESPINO, a/k/a "Danny Parades;"
3. PEDRO INFANTE, a/k/a "Alex;"
4. LUIS CASTRO, a/k/a "Nene;"
5. GEORGE MONTILLA, a/k/a "Jose;"
6. LORENZO VELASQUEZ;
7. ANSELMO DOMINGUEZ;
8. LUIS ERAZO, a/k/a "El Menor;"
9. TUTO LNU; and
10 HECTOR MAGA

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief.

On or about **and between the fall of 2003 and March 30, 2004**, in **Suffolk, Middlesex and Essex** Counties, in the District of **Massachusetts** defendant(s) did, (Track Statutory Language of Offense)

unlawfully, knowingly, and intentionally conspire to distribute, and possess with intent to distribute, five kilograms or more of cocaine, a Schedule II controlled substance,

in violation of Title __21__ United States Code, Section(s) __841(a)(1) and 846__.

I further state that I am a(n) __DEA Agent__ and that this complaint is based on the following facts:
Official Title

See Affidavit of DEA Agent Christian Brackett attached hereto and made a part hereof.

Continued on the attached sheet and made a part hereof: ☒ Yes ☐ No

_____
Signature of Complainant
Christian Brackett

Sworn to before me and subscribed in my presence,

March 31, 2004     at     Boston, Massachusetts
Date                                             City and State

JUDITH G. DEIN                           *Judith Gail Dein*
UNITED STATES MAGISTRATE JUDGE
Name and Title of Judicial Officer            Signature of Judicial OfficerENDFIELD

# AFFIDAVIT OF SPECIAL AGENT CHRISTIAN BRACKETT

Special Agent Christian Brackett deposes and states as follows:

## I. INTRODUCTION

1. I am a Special Agent with the United States Drug Enforcement Administration (DEA). I have served in this capacity for over 6 years and am currently assigned to the Boston, Massachusetts Division Office. During my tenure as a Special Agent, I have worked on dozens of drug investigations. I have written and/or participated in the execution of numerous search warrants resulting in seizures, including large quantities of controlled substances: large amounts of United States Currency, ledger books, bank records, telephone books, receipts, drug customer lists and other documents relating to the manufacturing, transportation, ordering, purchasing and distribution of controlled substances. The information contained in this affidavit was either observed by me or related to me by other law enforcement officers and contract interpreters involved in this investigation.

2. I am submitting this affidavit for two reasons: 1) in support of an application for a criminal complaint, and arrest warrants, charging Juan ROSARIO; Javier TORRES-ESPINO, a/k/a Danny Parades; Pedro INFANTE, a/k/a ALEX; Luis CASTRO, a/k/a NENE; George MONTILLA, a/k/a "JOSE"; Lorenzo VELASQUEZ; Anselmo DOMINGUEZ; Luis ERAZO, a/k/a "El Menor; TUTO LNU and Hector MAGA

(hereinafter referred to as "the Target Subjects") with conspiracy to distribute and possess with intent to distribute cocaine and heroin, in violation of Title 21, U.S.C., Sections 846 and 841(a)(1); and 2) in support of an application for the issuance of ten (10) search warrants to be executed at the Target Locations referred to below and as further described in **Attachment A** (based upon the personal observations of myself or my fellow agents).

3. This affidavit includes a summary of events that I am personally familiar with as well as the observations and knowledge related to me by other DEA agents, Haverhill Police Officers, Massachusetts State Troopers, Nashua Police Officers and other law enforcement personnel who have been working on this investigation. This affidavit does not set forth all the facts developed during the course of this investigation. Rather, it sets forth only those facts that are necessary and sufficient to establish probable cause to believe that the "Target Subjects" have committed the aforementioned crimes described in the attached Criminal Complaint, and that the Target Locations contain cocaine, heroin and/or other narcotics, U.S. Currency, documents and other records detailing the purchase of cocaine and heroin, documents confirming travel and telephones or communication devices used to facilitate the distribution of narcotics or other violations of 21 U.S.C. § 846 and 841(a)(1), as set forth in more detail in Attachment B.

A. **Target Individuals**

**JUAN ROSARIO**

4.   Through the combined use of interceptions over Target Telephone #1, and surveillance, I have identified ROSARIO, as the primary user of Target Telephone #1 and Target Telephone #2.[1] Through surveillance and conversations over Target Telephone #1, I have determined that ROSARIO resides at 81 Blaisdell Street, Apartment #1, Haverhill, Massachusetts. At this time, however, I have been unable to obtain ROSARIO's date of birth and therefore have not determined whether he has a driver's license or criminal history. Evidence collected to date indicates that ROSARIO distributes cocaine and heroin to various customers in the Lawrence and Haverhill, MA area, including VELASQUEZ, INFANTE, DOMINGUEZ, MAGA and a male referred to as "FREDDY", which he receives from Javier TORRES-ESPINO, CASTRO and George MONTILLA, a/k/a "JOSE," among others. Calls further indicate that VELASQUEZ has also supplied ROSARIO with narcotics on at least one occasion. Based on my interpretation of the coded conversations, it appears that ROSARIO receives multiple kilogram quantities of cocaine and significant quantities of heroin.

**Javier TORRES-ESPINO, a/k/a Danny PARADES**

---

[1] Target Telephone 1 is (917) 912-9106, an AT&T wireless telephone subscribed to Angela Lopez, 560 West, 175th Street, New York, N.Y. Target Telephone 2 is (917) 349-3096, a T-Mobile telephone with no subscriber name.

5. Based on evidence provided by confidential sources, cooperating defendants, the use of a T-III intercept on Target Telephones 1 and 2, surveillance and previous investigations by DEA New York and DEA Houston, I have identified Javier TORRES-ESPINO, date of birth March 8, 1973 as the male communicating with ROSARIO over Target Telephone #1, using telephone number (917) 216-7500. According to calls, ESPINO is currently living in New York City but his actual address is unknown. Based on evidence collected to date, I believe that ESPINO has been supplying ROSARIO with both cocaine and heroin for sometime based on their references to "girls" and "guys". Over the last month, ESPINO has been communicating with ROSARIO regarding the shipment of between twenty to forty five kilograms of cocaine from people in Miami and the delivery of 6 kilograms of cocaine from a source in New Jersey.

**Luis CASTRO a/k/a NENE**

6. Based on evidence provided by a confidential source in Nashua, New Hampshire, the interception of communications over Target Telephone #1, surveillance and a previous undercover operation in Houston, Texas, I believe that Luis CASTRO, date of birth May 25, 1978, is the male communicating with ROSARIO over telephone numbers (603) 233-2112 and (809) 772-5932. According to apartment lease records, CASTRO resides at 1 Clocktower Place, apartment #114, Nashua, NH. Based on evidence collected to date, I believe that CASTRO has supplied ROSARIO with kilogram

quantities of cocaine. Pursuant to intercepted conversations, I have learned that during the end of February and beginning of March 2004, when CASTRO was in the Dominican Republic, he gave ROSARIO the telephone number of an associate named JOSE and instructed ROSARIO to contact JOSE to do business while CASTRO was out of the country. Since that time, JOSE has delivered at least one kilogram of cocaine to ROSARIO on March 5, 2004, which ROSARIO in turn sold to Lorenzo VELASQUEZ for $24,500. I have also learned that CASTRO is a close associate of ESPINO in the drug distribution business. In December 2003, CASTRO was temporarily detained with ESPINO by DEA agents in Houston, Texas, after ESPINO attempted to purchase forty kilograms of cocaine from two DEA undercover agents. As a result of the stop, DEA agents in Houston, Texas seized approximately $65,000. ESPINO and CASTRO were not arrested at that time.

**George MONTILLA, a/k/a JOSE**

7. Based on intercepted calls, surveillance and a traffic stop on March 12, 2004 by the Massachusetts State Police, I have identified George MONTILLA, date of birth April 23, 1966, as the male referred to as "JOSE" using telephone number (603) 233-3282, a T-Mobile prepaid telephone subscribed to Antonio BANDERAS (no address given) and (917) 549-1659, subscribed to SANTA REED, 22 Hilltop Street, 2nd Floor, Lawrence, MA. Based on intercepted calls, surveillance and the subscriber records for (917) 549-1659, agents have identified MONTILLA's residence as 22 Hill Top

Street, 2nd Floor, Lawrence, MA. Intercepted calls and corresponding surveillance indicates that MONTILLA is a close associate of Luis CASTRO. On March 5, 2004, conversations intercepted over Target Telephone #1 and corresponding surveillance indicated that JOSE delivered a kilogram of cocaine to ROSARIO at JIMENEZ GROCERY, which ROSARIO then supplied to LORENZO VELASQUEZ.

**LORENZO VELASQUEZ**

8. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, I have identified LORENZO R. VELASQUEZ, date of birth August 3, 1963, as the male who is referred to in intercepted calls as "LORENZO" and "RAMON", using telephone number (978) 390-4643, which is subscribed to LORENZO VELASQUEZ, 429 Broadway, Methuen, MA. Through surveillance of VELASQUEZ, agents have determined that he currently resides at 187-189 Sanborn Street, Lawrence, MA. Based on evidence collected to date, I believe that VELASQUEZ is both a cocaine customer and supplier of ROSARIO.

**Pedro INFANTE a/k/a ALEX**

9. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, I have identified Pedro A. INFANTE, date of birth September 8, 1970, as the male whom ROSARIO refers to as ALEX and who communicates with ROSARIO over (508) 726-0667 and (508) 726-4814. Surveillance has established that INFANTE has two residences, 12 Dover Street, Haverhill, MA and 62 Jackson

Street, Haverhill, MA, which I believe, based on surveillance and intercepted calls, he uses to stash narcotics and drug proceeds. Based on evidence collected to date, I believe that INFANTE is a close associate of ROSARIO and works under ROSARIO distributing cocaine and heroin.

**Anselmo DOMINGUEZ**

10. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, I have identified Anselmo DOMINGUEZ, date of birth July 8, 1968, as the male referred to as "Anselmo" using telephone number (978) 853-8628, subscribed to Anselmo DOMINGUEZ, 82 Temple Street, Haverhill, MA. Surveillance of meetings between ROSARIO and DOMINGUEZ confirmed that DOMINGUEZ currently lives at 82 Temple Street, Haverhill, MA. Based on evidence collected to date, I believe that DOMINGUEZ is a narcotics customer of ROSARIO.

**Hector MAGA**

11. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, agents have identified Hector MAGA, date of birth February 11, 1940, as the male referred to as "Hector" using telephone number (617) 427-4310, subscribed to Walter Banks, 1855 Washington Street #5J, Roxbury, MA. According to MAGA's Massachusetts Driver's License and surveillance of ROSARIO to 1855 Washington Street, I believe that MAGA currently resides at that address. Based on evidence collected to date, I believe that MAGA is a narcotics customer of ROSARIO.

**LUIS ERAZO**

12. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, agents have identified a male whom I believe to be Luis ERAZO, who works for ROSARIO and INFANTE distributing drugs and collecting drug proceeds.

**TUTO**

13. Based on calls intercepted over Target Telephone #1 and corresponding surveillance, agents have identified and taken a photograph of a male whom I believe to be the individual referred to as "TUTO," using telephone number (978) 682-6409 and (978) 390-3841. Telephone number (978) 682-6409 is a residential telephone subscribed to Jose GARABITO, 73 East Haverhill Street, Lawrence, MA. I believe that TUTO resides at 73 East Haverhill Street, #2, Lawrence, MA, based on surveillance of TUTO entering and exiting that address, along with the fact that he uses the residential telephone installed there. Based on evidence collected to date, I believe that TUTO is both a narcotics customer of ROSARIO and also a supplier of heroin, marijuana and pharmaceutical pain killer drugs.

**TARGET LOCATIONS**

**81 Blaisdell Street, 1st Floor, Haverhill, MA**

14. Through surveillance, intercepted conversations and information provided by a confidential source, agents have identified 81 Blaisdell Street, 1st Floor, Haverhill, MA as the

residence of ROSARIO. According to NSTAR, the electric service at 81 Blaisdell Street, 1st Floor is subscribed in the name of Isa Delores JIMENEZ, who has been identified as ROSARIO's girlfriend. I believe that ROSARIO has a concealed compartment inside this address, which he has used to stash drugs, based on information provided by a confidential source referred to as CI-1 in the initial T-III affidavit and telephone calls on February 26, 2004, where ROSARIO states that someone broke into his residence, found the "hollow" and stole his "stash". While it is unclear whether ROSARIO is currently storing drugs at the location since the break-in, I believe the secret compartment is still there and we wish to photograph it. I also believe that ROSARIO maintains drug proceeds and documents and other items constituting evidence of the conspiracy at that location. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 25, 53-54 and 76.

**12 Dover Street, Haverhill, MA**

15. Agents have identified 12 Dover Street, Haverhill, MA as one of two residential addresses used by INFANTE, which he and ROSARIO refer to as "the old" in intercepted conversations. According to NStar Electric, Alex INFANTE is the subscriber to the electricity at 12 Dover Street, Haverhill, MA. Although INFANTE does not appear to live at this address any longer, and

it appears to be unoccupied, I believe that ROSARIO and INFANTE store drugs and drug proceeds at this location based on numerous calls where they refer to bringing "tickets" and "women" to the location and surveillance of ROSARIO and INFANTE going to that location in response to calls from customers. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 35-40, 43, 69-72.

**62 Jackson Street, 1st Floor, Haverhill, MA**

16. Agents have identified 62 Jackson Street, 1st Floor Haverhill, MA as one of two residential addresses used by INFANTE, which he and ROSARIO refer to as "the new" in intercepted conversations. According to Verizon, New England Telephone, the residential telephone at that location is subscribed to Jennifer Boudreau, the same name as the registration on INFANTE's blue BMW. Based on surveillance, INFANTE appears to currently live at this address. I believe that ROSARIO and INFANTE store drugs and drug proceeds at this location based on numerous calls where they refer to bringing "chelitos," Spanish slang for change or money and, for example, "100 pesos" to the location, and surveillance of ROSARIO and INFANTE going to that location in response to calls from customers. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause

for the issuance of a search warrant at this location is set forth at paragraphs 35-36, 53-54, 68 and 69-72.

**JIMENEZ Grocery, 112 Parker Street, Lawrence, MA**

17. Agents have identified 112 Parker Street, Lawrence, MA as a business owned by ROSARIO and his girlfriend Isa Delores JIMENEZ. According to corporation records, the business was incorporated under the name Isa Delores JIMENEZ. Surveillance, in combination with intercepted calls, indicates that ROSARIO's customers meet him at the business to drop off and/or collect drugs and drug proceeds. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 45-52, 55-57, 59, 63-65, 77-86, 92-103 and 106-116.

**63 Brook Street, 3rd Floor, Lawrence, MA**

18. I believe TUTO resides at 63 Brook Street, 3rd floor, Lawrence, MA, based on several intercepted calls and surveillance of him entering and exiting that address. He recently moved from 73 East Haverhill Street #2A, Lawrence, MA, where he was surveilled entering and exiting to meet with ROSARIO after they engaged in drug related conversations. I believe TUTO stashed drugs and drug proceeds at his old address and stashes drugs at his current address. Indeed, he was intercepted stating, in veiled terms, that his current address was a safer place to store drugs. Although the government relies upon the entire affidavit,

the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 64-65, 79-86, 105-117.

**139 How Street, #204, Haverhill, MA**

19. Agents have intercepted a male referred to as "FREDDY" over telephone number (978)521-6971, a residential telephone subscribed to Jose THEN and installed at 139 How Street, #204, Haverhill, MA. I believe that "FREDDY" stashes drugs and/or related currency at 139 How Street #204, Haverhill, MA, based on surveillance of ROSARIO to that address, after coded conversations where ROSARIO agrees to drop off narcotics and/or pick up drug proceeds from "FREDDY". During one conversation, following a surveillance of ROSARIO to that location, FREDDY asked ROSARIO if he could bring him another "melon". According to NStar, the subscriber for the electricity at 139 How Street, #204, Haverhill, MA is also JOSE THEN. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 69-72.

**82 Temple Street, Haverhill, MA**

20. Agents have identified 82 Temple Street, Haverhill, MA as a residential address used by Anselmo DOMINGUEZ. According to NStar, electricity at 82 Temple Street, Lawrence, MA is subscribed to Mirope DOMINGUEZ. I believe that DOMINGUEZ stores drug related proceeds at that address based on surveillance of

ROSARIO to that address after he and DOMINGUEZ discuss collecting drug proceeds that ROSARIO wants to pick up. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 58, 66-67, 87-88.

**1855 Washington Street, #5J, Roxbury, MA**

21. Agents have identified 1855 Washington Street #5J, Roxbury, MA as a residential address used by Hector MAGA. MAGA uses the residential telephone number (617)427-4310, which is subscribed to Walter BANKS and installed at 1855 Washington Street, #5J, Roxbury, MA to call ROSARIO over Target Telephone 1. I believe that MAGA stashes drug proceeds at that address based on a surveillance of ROSARIO to that address for the purpose of collecting drug proceeds. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 45-52, 59, 78.

**22 Hill Top Street, Lawrence, MA**

22. I believe that the person currently identified as George MONTILLA, a/k/a JOSE, resides at 22 Hill Top Street, Floor #2, Lawrence, MA, based on intercepted calls from JOSE using a telephone subscribed to that address and surveillance of JOSE to that location and surveillance of vehicles he uses in the driveway of that address. I believe that JOSE stashes drugs and

drug proceeds at that address based on surveillance of JOSE to that location after engaging in drug related conversations with ROSARIO and meetings with ROSARIO at JIMENEZ GROCERY. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 74-75, 77, 92-98 and 103.

**1 Clocktower Place, Apartment 114, Nashua, NH**

23. I believe that Luis CASTRO resides at 1 Clocktower Place, Nashua, NH, Apartment 114, based on apartment lease records, New Hampshire registry records and surveillance of CASTRO to that location. I believe that CASTRO stores drug proceeds at that location based on a surveillance on March 14, 2004, where agents followed CASTRO to that location after picking up drug proceeds from ROSARIO. Although the government relies upon the entire affidavit, the evidence most directly supporting probable cause for the issuance of a search warrant at this location is set forth at paragraphs 60-62 and 118-122.

**SOURCES OF PROBABLE CAUSE**

**Introduction and Background**

24. During the fall and winter of 2003, DEA agents in New York, NY conducted an investigation into the narcotics trafficking activities of Luz Rivera Mejia (the "New York Investigation"). That investigation resulted in the arrest of MEJIA and the seizure of approximately 2.8 kilograms of heroin

that she delivered to an undercover DEA agent. Based upon calls lawfully intercepted during the New York Investigation, information provided by confidential sources, cooperating witnesses and telephone analysis, ROSARIO was identified as a significant narcotics customer of MEJIA and ESPINO, who was also intercepted during the MEJIA investigation.

25. For example, in November 2003, a confidential source (hereinafter referred to as CI-1) provided information to agents in Boston, Massachusetts regarding a male known as Juan ROSARIO, who resides at 81 Blaisdell Street, Haverhill, MA. CI-1 is attempting to cooperate in the hope that its cooperation will result in a reduction in the sentence of a relative facing federal drug trafficking charges. CI-1 has no prior arrest record. CI-1 informed agents that its friend, whom CI-1 declined to identify, worked distributing drugs for ROSARIO. The friend advised CI-1 that ROSARIO distributes kilogram quantities of cocaine and heroin, which ROSARIO receives from a source in Connecticut unknown to CI-1. CI-1 also learned from its friend that ROSARIO recently had a concealed compartment installed inside his residence at 81 Blaisdell Street, which he uses to store the drugs. CI-1 also learned from its friend that ROSARIO has a male distributing narcotics for him named ALEX, who resides at 12 Dover Street, Haverhill, MA.[2] CI-1's friend also advised

---

[2] Pen register records for the "TARGET TELEPHONE" indicate numerous calls to a telephone subscribed to 14 Dover Street, Haverhill, MA. Business records and surveillance indicate that

CI-1 that ALEX also sells ecstasy, which may also be supplied by ROSARIO. According to CI-1's friend, ROSARIO is wanted on a murder charge in New York and is currently using a name other than ROSARIO. CI-1, however, did not know the name that ROSARIO was using. CI-1 has never personally met ROSARIO. To date, CI-1's information has not led to the seizure of drugs or arrests of any individuals. Some of CI-1's information has been corroborated through the New York wiretap investigation and evidence collected during this investigation. To my knowledge, CI-1 has not provided information that has been determined by agents to be false or misleading. CI-1 has been reluctant to cooperate fully and is not willing to testify.

26. Another cooperating witness, CW-1, worked, from August to December 2003, as a driver for LUZ MEJIA in New York. CW-1 is cooperating in exchange for money. CW-1 has admitted to being a drug dealer in the past. To date, CW-1's cooperation has led to the seizure of 2.8 kilograms of heroin and the arrest of MEJIA. CW-1 provided information to DEA agents in New York that "DANNY" is a multi-kilogram cocaine and heroin customer of MEJIA and other members of this organization. Agents in New York stopped "DANNY" after he was surveilled meeting with MEJIA; when asked for identification, he produced a Massachusetts driver's license in the name of JAVIER TORRES-ESPINO, 81 Blaisdell Street,

---

the #14 Dover Street is a subdivided apartment located within the dwelling at 12 Dover Street. I believe ALEX is residing at 14 Dover Street.

Haverhill, MA (ROSARIO's residence). Through conversations overheard between MEJIA and DANNY, CW-1 learned that DANNY has a significant drug customer in Massachusetts named "JUAN".³ CW-1, however, has never met JUAN. CW-1's information has been corroborated in many respects through investigation by agents. CW-1 has not provided information that has been determined by agents to be false or misleading and CW-1 is considered reliable in that its information has been corroborated by intercepted conversations over the New York wiretaps, consensual recordings between CW-1, ESPINO and MEJIA, as well as by surveillance of meetings between CW-1, MEJIA and ESPINO. CW-1 had been a drug dealer in the 1990's in the New York area.

27. In December 2004, shortly after MEJIA's arrest, ESPINO, CASTRO and three other males were detained in Houston, Texas, after negotiating with two DEA undercover agents to purchase 40 kilograms of cocaine. When ESPINO was stopped, agents found $59,635.00 in United States currency in a vehicle, in which he was an occupant. Agents seized the currency but ESPINO and CASTRO were released without being charged. During the days that ESPINO and CASTRO were in Texas negotiating with the DEA

---

4   Pen registers in Connecticut in November and early December 2003 indicated over 100 calls between ESPINO's telephone and the predecessor to the "TARGET TELEPHONE". Conversations intercepted in New York revealed that the predecessor to the "TARGET TELEPHONE" was used by an associate of "DANNY" named "JUAN". Cell site information for the predecessor to the TARGET TELEPHONE showed that it was roaming a majority of the time in Haverhill, MA.

undercover agents, a pen register on one of ROSARIO's telephones indicated several calls to the wireless telephone that ESPINO had on his person when arrested. Based on the evidence described above, along with information obtained from several confidential informants, an affidavit was submitted in support of a T-III intercept on ROSARIO's wireless telephone.

28. On February 12, 2004, United States District Court Judge Mark Wolf signed an order authorizing the interception of communications over the wireless telephone used by ROSARIO, Target Telephone #1. Monitoring of Target Telephone #1 began on February 13, 2004. On March 12, 2004, United States District Court Judge Nancy Gertner signed an order authorizing the continued interception of communications over Target Telephone #1 and the initial interception of communications over a second wireless telephone used by ROSARIO, (917) 349-3096, a T-Mobile telephone with no subscriber information (Target Telephone #2). Monitoring of Target Telephone #2 began on March 13, 2004.

29. Since monitoring of Target Telephone #1 began on February 13, 2004, I have determined that ROSARIO obtains and/or has been attempting to obtain what I believe are kilogram quantities of cocaine and significant amounts of heroin from numerous sources, both locally and in the New York area, including ESPINO, CASTRO and MONTILLA.[4] I have also determined

---

[4] Numerous calls over Target Telephones 1 and 2 evidence the Target Subjects ongoing but at times unsuccessful efforts to obtain drugs because of money problems they were having and what appears to be a period when the area is unusually "dry"