

U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

John Joseph Moakley United States Courthouse
1 Courthouse Way
Suite 9200
Boston, Massachusetts 02210

August 12, 2004

VIA FEDEX
Stephen D. Judge, Esq.
23 Central Avenue, #605
Lynn, MA   01901

Paul Markham, Esq.
P.O. Box 1101
Melrose, MA   02176

Ronald Ian Segal, Esq.
23 Central Avenue
Suite 605
Lynn, MA   01901

John C. McBride, Esq.
McBride and Natola
240 Commercial Street
Boston, MA   02109

Page Kelley, Esq.
Office of the Federal Defender
408 Atlantic Avenue
Boston, MA   02210

Lenore Glaser, Esq.
25 Kingston Street
6th Floor
Boston, MA   02111-2022

Re:   United States v. Juan Rosario, et. al.
      04-CR-10160 WGY

Dear Counsel:

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 2

Pursuant to Fed. R. Crim. P. 16 and Rules 116.1(C) and 116.2 of the Local Rules of the United States District Court for the District of Massachusetts, the government provides the following automatic discovery, Bates numbers 1 through 2671, in addition to the discovery you have already received in connection with the detention hearings, still subject to the protective order signed by the Honorable Mark L. Wolf on April 7, 2004 and subsequently by all defense counsel, in the above-referenced case:

A.   Rule 16 Materials

1.   Statements of Defendant under Rule 16 (a)(1)(A)

    a.   Written Statements

There are no relevant written statements of the defendants in the possession, custody or control of the government, which are known to the attorney for the government at this time, except for the documents seized from the defendants at the time of their arrest (enclosed for your convenience in the Bates numbered documents) or pursuant to the search warrants described below in Section 4B.

    b.   Recorded Statements

A copy of the following Title III recordings involving the defendants are enclosed:

Four (4) CR Roms:
(1)   Target phone 917-349-3096     1 of 1
(2)   Target phone 971-912-9106     1 of 3
(3)   Target phone 971-912-9106     2 of 3
(4)   Target phone 971-912-9106     3 of 3

    c.   Grand Jury Testimony of the Defendant

The defendants did not testify before a grand jury in relation to this case.

    d.   Oral Statements to Then Known Government Agents

The attorney for the government is unaware of any oral statements made by the defendants, except as set forth in the DEA reports enclosed in the Bates numbered documents, in response

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 3

to interrogations by a person then known to the defendant to be a government agent, which the government intends to use at trial.

2. <u>Defendant's Prior Record under Rule 16 (a)(1)(B)</u>

Although it is the government's understanding that you have already received a copy of defendants' records, a copy of their criminal records are enclosed again for your convenience in the Bates numbered documents.

3. <u>Documents and Tangible Objects under Rule 16(a)(1)(C)</u>

All books, papers, documents and tangible items which are within the possession, custody or control of the government, and which are material to the preparation of the defendants' defense or are intended for use by the government as evidence in chief at the trial of this case, or were obtained from or belong to the defendants, may be inspected by contacting Special Agent Christian Brackett at 617-557-2340. For your convenience, photocopies of a number of the items able to be photocopied are enclosed in the Bates numbered documents.

4. <u>Reports of Examinations and Tests under Rule 16 (a)(1)(D)</u>

Enclosed in the Bates numbered documents are copies of the DEA 7 Reports for Drug Exhibits 1 through 7.

B. <u>Search Materials under Local Rule 116.1(C)(1)(b)</u>

Copies of the search warrant, application, affidavit and return for warrants obtained for 1 Clocktower Place, Apt 114, Nashua, NH are enclosed. The application and affidavit for the following locations are also enclosed: Jiminez Grocery Store, 112 Parker Street, Lawrence, MA; 81 Blaisdell Street, #1 Haverhill, MA; 63 Jackson Street Extension, #1, Haverhill, MA; 12 Dover Street, Haverhill, MA; 63 Brook Street, 3rd Floor, Lawrence, MA 139 How Street, #204, Haverhill, MA; 22 Hilltop Street, 2nd Floor, Lawrence, MA; 82 Temple Street, 2nd Floor, Haverhill, MA 1855 Washington Street, 5J, Roxbury, MA. The search warrants and returns on these addresses will be produced upon my receipt. These searches and seized items are also all described in the enclosed DEA 6 reports.

C. <u>Electronic Surveillance under Local Rule 116.1(C)(1)(c)</u>

3

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 4

   Wire communications, as defined in 18 U.S.C. § 2510, of the defendants relating to the charges in the indictment were intercepted pursuant to court authorized electronic surveillance. On February 12, 2004, the Honorable Mark L. Wolf, United States District Judge for the District of Massachusetts entered an order authorizing the interception of wire communications occurring over telephone number (917) 912-9106 for a period of 30 days. On March 12, 2004, the Honorable Nancy Gertner, United States District Judge for the District of Massachusetts entered an order authorizing the interception of wire communications occurring over telephone numbers (917) 912-9106 and (917) 349-3096 for a period of 30 days. The applications, affidavits and motions to seal and impound for these Title IIIs are enclosed.

   The government intends to offer communications of the defendants intercepted pursuant to these above orders as evidence in its case-in-chief. As referenced above, there are four (4) CD-Roms containing all of the conversations intercepted pursuant to these court orders over these telephones.

   Also enclosed in the Bates numbered documents are preliminary draft transcripts and summaries of conversations intercepted over these telephones. These preliminary transcripts and summaries are being provided to you with the understanding, and on the condition that, they may not be used to cross-examine any witness at trial given their preliminary nature.

   Paige Kelly has requested further discovery concerning seven New York T-IIIs listed in the Affidavit of Special Agent Christian Bracket. Enclosed are affidavits from the three phones over which defendant Rosario was intercepted. I have requested the line sheets and recordings and will turn them over upon receipt, subject to court authorization and a protective order. Although the government's position is that the remaining materials on the other four telephone lines are not discoverable at this time, I have requested them from my New York counterpart and will produce them to defendants upon receipt if there is no objection from the AUSA in New York, subject to court authorization and a protective order.

D.   Consensual Interceptions under Local Rule 116.1(C)(1)(d)

   The attorney for the government is unaware of any interceptions (as the term "intercept" is defined in 18 U.S.C. §

4

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 5

2510(4)) of oral communications, involving the charges contained in the indictment made with consent of one of the parties to the communication ("consensual interceptions"), in which the defendants were intercepted or which the government intends to offer as evidence in its case-in-chief. Defendant Pedro Infante was an informant for DEA prior to this investigation, from 5/1/01 to 8/16/02. This period was well before the time of the instant investigation. The attorney for the government is unaware of his work for the DEA involving the charges in the indictment or any consensual recordings intercepting any of the other defendants or any which the government intends to offer as evidence in its case-in chief.

E. <u>Unindicted Coconspirators under Local Rule 116.1(C)(1)(e)</u>

There are no unindicted co-conspirators of which the undersigned is currently aware relating to the charges in this case.

F. <u>Identifications under Local Rule 116.1(C)(1)(f)</u>

At this time, the attorney for the government has no information indicating that the defendants were the subject of any investigative identification procedure used with a witness the government anticipates calling in its case-in-chief involving a line-up, show-up, photo spread or other display of an image of the defendants. In the event I become aware that any such identification procedures were used, I will advise you at that time and will provide you with copies of any tangible evidence reflecting, used in or memorializing the identification procedures.

G. <u>Agency Reports and Investigatory Materials</u>

Reports including the DEA 7a reports for non-drug exhibits N-1 through N-65 are enclosed, except that no DEA 7a was written for N-15, which is the $7,150 seized from defendant Montilla as set forth in the DEA 6 report from 3/13/04 enclosed, and that no DEA 7a was written for N-50, which was the license and passport of defendant MAGA. The license was returned to the defendant and the passport was given to pre-trial services. The six (6) videotapes described in the enclosed reports for N5, 10, 14, 16, 17, and 39 are available for copying at the Duplicating Center,

5

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 6

Attn: Jerry Adler; 42 Chancy Street - Suite 3A; Boston, MA 02111; (617) 728-0000.

    Although it is the government's position that the production of the following may not be required at this time under either Federal Rule of Criminal Procedure 16 or Local Rule 116, the government hereby provides copies of additional agency reports and investigatory materials in the Bates numbered documents enclosed, including the following:

**DEA 6 REPORTS**

| Incident Date | Summary |
| --- | --- |
| 11/19/03 | Case Initiation |
| 11/21/03 | Initial Surveillance at 81 Baisdell Street and 12 Diver Street, Haverhill al debriefing of Cs |
| 12/30/03 | Surveillance at 81 Baisdell Street and 12 Diver Street, Haverhill |
| 1/5/04 | Electric check at 81 Baisdell St , Haverhill |
| 1/5/04 | TECS check for Juan Rosario and Delores Jimenez |
| 1/9/04 | Financial checks for Juan Rosario and Delores Jimenez |
| 1/22/04 | Surveillance at 81 Baisdell St Haverhill and acquisition of N-1 (photos) |
| 2/3/04 | Voice identification of Rosario and acquisition of exhibit N-2 & N-3 9audio) |
| 2/15/04 | Surveillance of Rosario in response to T-111 intercepts, acquisition of exhibits N-4, 5, & 6 |
| 2/16/04 | Surveillance of Rosario in response to T-111 intercepts, acquisition of exhibits N-7, 8, & 9 |
| 2/18/04 | Surveillance of CS meeting with Jaime LNU and Eduardo LNU |
| 2/18/04 | Surveillance on 2/18/04 |
| 2/18/04 | Debriefing of meeting between CS Jaime LNU, Eduardo LNU & unknown hispanic male |
| 2/19/04 | Surveillance on 2/19/04 |
| 2/19/04 | Surveillance of Rosario in response to T-111 intercepts, |
| 2/20/04 | Surveillance of Rosario in response to T-111 intercepts, acquisition of exhibit N-11 |

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 7

| Date | Description |
|---|---|
| 2/22/04 | Surveillance of Rosario in response to T-111 intercepts |
| 2/23/04 | Surveillance of Rosario in response to T-111 intercepts |
| 2/24/04 | Electric subscriber check for 62 Jackson Street, Haverhill |
| 2/25/04 | Surveillance of Rosario in response to T-111 intercepts |
| 2/26/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/2/04 | Surveillance of Rosario in response to T-111 intercepts and acquisition of N-13 |
| 3/3/04 | Surveillance in support of T-III investigation |
| 3/4/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/5/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/9/04 | Electric checks |
| 3/9/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/12/04 | Surveillance of Rosario in response to T-111 intercepts and acquisition of exhibits - 15 &16 |
| 3/22/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/25/04 | Surveillance of Rosario in response to T-111 intercepts |
| 3/29/04 | Surveillance on 3/29 |
| 3/30/04 | Surveillance and arrests of Juan Rosario Lorenzo Velasquez and Jorge Montilla |
| 3/31/04 | Search warrant 63 Jackson Street ext. floor 1 Haverhill and seizure of exhibits N-33 through N-38 |
| 3/31/04 | Search warrant at 139 Howe Street # 204, Haverhill and acquisition of drug exhibit 5 and n-64 and N-65 |
| 3/31/04 | Electrical check for 61/63/ Brook St Lawrence |
| 3/31/04 | Search warrant at 63 Brook street Lawrence arrest of Cesar Miranda and seizure of exhibits N-18, 19, 20 & 21 |
| 3/31/04 | Search warrant 1855 Washington St Boston and arrest of Hector Maga |
| 3/31/04 | Search warrant at 12 Dover St Haverhill |

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 8

| | |
|---|---|
| | acquisition of drug exhibit 4 and N-23, 24, 25, 26, 32 & 62 |
| 3/31/04 | Fugitive declaration for Luis Castro, Alex Infante and Luis Erazo |
| 3/31/04 | Search warrant 81 Bissdell # 1 Haverhill |
| 3/31/04 | Execution of search warrant 22 Hilltop 2nd floor Lawrence |
| 3/31/04 | Arrest of Anselmo Dominguez -Search warrant at 82 Temple St Fl 2 Haverhill acquisition of drug exhibit 7 and N-56 to N-60 |
| 4/2/04 | Search warrant at 1 Clocktower Place # 114, Nashua NH and acquisition of exhibits N-44, 45, 46 & 47 |
| 4/20/04 | Proffer of CW |
| 4/21/04 | Arrest of Luis Castro |
| 5/17/04 | Arrest of Luis Erazo |
| 5/19/04 | Interview of Felicia Rosario and her family |
| 5/20/04 | Indictment of Rosario, Espino, Montilla Castro, Villa Dominguez, Miranda and Infante |
| 6/22/04 | Debriefing of Luis Erazo |

H.   Exculpatory Evidence Under Local Rule 116.2(B)(1)

With respect to the government's obligation under Local Rule 116.2(B)(1) to produce "exculpatory evidence" as that term is defined in Local Rule 116.2(A), the government states as follows:

1.   The attorney for the government is unaware of any information that would tend directly to negate the defendants guilt concerning any count in the indictment.

2.   The attorney for the government is unaware of any information that would cast doubt on the admissibility of evidence that the government anticipates offering in its case-in-chief and that could be subject to a motion to suppress or exclude.  Notwithstanding, the government refers you to the DEA reports detailing the circumstances of defendant Rosario's arrest and items seized at that time, which are enclosed in the Bates numbered documents.

3-5.   Pursuant to Local Rule 116.6(A), the government declines and objects to identifying one CW the government intends to call in its case-in-chief at this time, in order to protect the safety of this witness, as it would be detrimental to the

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 9

interests of justice to currently make this identity disclosure. This CW is not a paid informant. A redacted copy of the CW's criminal record, including a pending federal drug charge, is enclosed at Bates numbers 790-795. The CW also has a proffer letter with the U.S. Attorney's Office enclosed at Bates numbers 2670-2671.

    6.   The attorney for the government is unaware of any percipient witness who failed to make a positive identification of defendants with respect to the crimes at issue.

H.   Other Matters

The attorney for the government is aware of its continuing duty to disclose newly discovered additional evidence or material that is subject to discovery or inspection under Local Rules 116.1 and 116.2(B)(1) and Rule 16 of the Federal Rules of Criminal Procedure.

The government requests reciprocal discovery pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure and Local Rule 116.1(D).

The government demands, pursuant to Rule 12.1 of the Federal Rules of Criminal Procedure, written notice of the defendants intention to offer a defense of alibi. The time, date, and place at which the alleged offenses were committed is set forth in the affidavit filed in support of the criminal complaint in this case

Rosario 04-CR-10160 (WGY)
August 12, 2004
Page 10

as well as in the indictment in this case, copies of which you previously have received.

    Please call the undersigned Assistant U.S. Attorney at 617-748-3183 if you have any questions.

                            Very truly yours,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                By: _____
                            CYNTHIA W. LIE
                            Assistant U.S. Attorney

Enclosures

cc:  Elizabeth Smith
     Clerk to the Honorable William G. Young
     (w/o enclosures)